UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  TEV INVESTMENT PROPERTIES, LLC                    CASE NO. 04-17998

OPINION

On consideration before the court is a motion seeking relief from the automatic stay filed by Ad Valorem Investments, LLC (Ad Valorem); responses to said motion having been filed by the debtor, TEV Investment Properties, LLC (TEV Investment), and a secured creditor, Pramco IV, LLC (Pramco); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.  This is a core contested proceeding as defined in 28 U.S.C. §157(b)(2)(G).

II.

The debtor, TEV Investment, was, and still perhaps is, the owner of a leasehold interest in certain real property located in the City of Columbus, Lowndes County, Mississippi, on which is situated the Embassy Court Apartments.  TEV Investment failed to pay the ad valorem taxes assessed against said real property for the year 2003, and, thereafter, on April 5, 2004, the Lowndes County Tax Assessor/Collector sold the property to Ad Valorem for the delinquent 2003 taxes.  Concerning the amount of time that TEV Investment had to redeem the aforesaid property from the tax sale, §27-45-3, Miss. Code Ann. (1972), states, "[t]he owner...or any person interested in lands sold for taxes, may redeem the same...at any time within two (2) years

after the day of sale, by paying to the Chancery Clerk...the amount of all taxes for which the land was sold..." As such, TEV Investment had until April 5, 2006, under state law, to redeem its property.

On December 16, 2004, TEV Investment filed its voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code. A provision of the Bankruptcy Code, applicable to this proceeding, is 11 U.S.C. §108(b) which states in pertinent part as follows:

> Except as provided in subsection (a) of this section, if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under §1201 or §1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of -
>
> (1)   the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2)   60 days after the order for relief

According to this section, since the state law redemption period had not expired before the bankruptcy petition filing date, TEV Investment had the balance of the two year period to redeem the tax sale as opposed to the shorter 60-day period which would apply only if the state law period expired earlier than 60 days subsequent to the bankruptcy filing. This court has recently rendered a decision addressing this issue. See, In re: Mary A. Isom, Case No. 02-17575; Greenpoint Credit, LLC v. Mary A. Isom, On Point, LLC, and Paula Sykes (Sunflower Co. Chancery Clerk), Adv. Proc. No. 04-1079. A copy of the opinion, dated May 10, 2002, is attached hereto and incorporated herein by reference.

According to the hearing testimony, subsequent to TEV Investment's bankruptcy filing, but prior to the expiration of the tax sale redemption period, representatives of both TEV

Investment and Pramco contacted either the Lowndes County Tax Collector/Assessor or the Lowndes County Chancery Clerk to inquire about the redemption of the subject property from the tax sale. The TEV Investment and Pramco representatives were informed that the payment of the delinquent taxes was not necessary because the automatic stay, activated upon the filing of TEV Investment's bankruptcy petition, extended the redemption period while the bankruptcy case was pending. As support for this advice, the Tax Collector/Assessor and/or the Chancery Clerk were apparently relying on two opinions issued by the Office of the Attorney General for the State of Mississippi dated February 3, 1993 (Opinion No. 2004-0244) and February 16, 1994 (Opinion No. 93-0860). For example, the 1993 opinion contains the following language:

> "If a property owner files a petition for bankruptcy after the property has been sold for taxes, the statutory period for redemption is automatically put on hold; i.e., the statutory period of redemption is extended for the amount of time that the property owner was in bankruptcy. Since the property cannot mature to the purchaser at a tax sale while bankruptcy proceedings are in progress, the Chancery Clerk should not send notices of maturity after the owner of the property has filed a petition for bankruptcy."

(The Attorney General's Opinions were received in evidence as Debtor's Exhibit 1.)

In addition to the foregoing, on July 12, 2006, Pramco paid the applicable taxes, fees, and interest in the sum of $14,152.45. In return for this payment, the Lowndes County Chancery Clerk issued a "Release from Delinquent Tax Sale" which was recorded in Miscellaneous Book 2006 at page 4948. These funds would appropriately repay Ad Valorem for the monies that it expended in acquiring the property at the tax sale including the statutory interest. (The Release was received in evidence as Pramco's Exhibit 1.)

II.

This court would point out that the Isom decision, cited hereinabove, had not been published prior to the time that the redemption period expired in the present proceeding. Therefore, neither the Attorney General for the State of Mississippi, nor any of the parties hereto, could have utilized it as a resource or precedent.

The court would also note that there are factual events pertinent to this proceeding that were not present in Isom. The application of state law and equitable considerations to these events could mandate an entirely different result.

III.

Other than the effect of the bankruptcy automatic stay, which has already been addressed by this court in the Isom decision, the issues in this proceeding predominantly involve questions of state law, to-wit:

A. What equitable or legal effect should be given to the reliance by the Lowndes County Tax Collector/Assessor or the Lowndes County Chancery Clerk on the Opinions of the Attorney General?

B. Correspondingly, what equitable or legal effect should be given to the reliance by the representatives of TEV Investment or Pramco on the Opinions of the Attorney General?

C. What equitable or legal effect should be given to the reliance on the advice furnished and the action taken by the Lowndes County Tax Collector/Assessor and the Lowndes County Chancery Clerk by the representatives of TEV Investment and Pramco?

D. Does the application of the facts of this proceeding to the decisions rendered in Brannon v. Lyon, 38 So. 609 (Miss. 1905); McClain v. Meletio, 147 So. 878 (Miss. 1933); Kelly v. Coker, 19 So. 2d 519 (Miss. 1944); James v. Tax Investment Co., 40 So. 2d 539 (Miss. 1949); and Merritt v. Magnolia Federal Bank for Savings, 573 So. 2d 746 (Miss. 1990); dictate a different result than that reached by this court in the Isom decision?

    E.    What is the effect of the "Release from Delinquent Tax Sale" issued by the Lowndes County Chancery Clerk as recorded in Miscellaneous Book 2006 at page 4948, on July 12, 2006, when the applicable taxes, fees, and interest were paid by Pramco in attempting to redeem, or in actually redeeming, the subject property from the tax sale to Ad Valorem?

    F.    What is the effect of the tax sale on the perfected deed of trust held by Pramco which encumbers the subject property?

Because of the aforesaid question, this court is of the opinion that the automatic stay should be lifted for the limited purpose of allowing these predominantly state law issues to be litigated in the Chancery Court of Lowndes County, Mississippi. This court specifically reserves the right to consider any bankruptcy causes of action that could relate to this matter including, but not limited to, a possible fraudulent conveyance complaint. An order will be entered to this effect consistent with this opinion contemporaneously herewith.

This the 25th day of August, 2006.

                                              /s/ David W. Houston, III
                                              DAVID W. HOUSTON, III
                                              UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: MARY A. ISOM                                                    CASE NO. 02-17575

GREENPOINT CREDIT, LLC                                                 PLAINTIFF

VERSUS                                                                 ADV. PROC. NO. 04-1079

MARY A. ISOM, ON POINT, LLC,
AND PAULA SYKES (SUNFLOWER
COUNTY CHANCERY CLERK)                                                 DEFENDANTS

OPINION

On consideration before the court is a motion for partial summary judgment filed by On Point, LLC ("On Point"); responses and/or memoranda of law having been filed by the debtor, Mary A. Isom (Isom), the Chancery Clerk of Sunflower County, Mississippi (Chancery Clerk), and Greenpoint Credit, LLC (Greenpoint); and the court, having considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

On April 2, 2001, the Tax Collector of Sunflower County, Mississippi, conducted a tax sale and sold the residential real property owned by Isom to On Point for delinquent taxes. Isom filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on

December 4, 2002. This court must now determine what interest, if any, the debtor and her bankruptcy estate have in this property. The facts are not disputed by the parties.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

### IV.

At the time of the bankruptcy filing, the tax collector had already sold Isom's property for delinquent taxes. "The right to redeem property from a tax sale is an asset that becomes property of the estate...The real property involved in the sale is not itself an asset. Where the

2

redemption period has not expired as of the date the petition is filed, section 108 applies to guarantee a minimum redemption period of sixty days after the entry of the order for relief." 5 Collier on Bankruptcy 541.05[2]. Other courts throughout the country who have dealt with this issue have agreed with the aforesaid principle. In In re Haynes, 283 B.R. 147 (Bankr. S.D. N.Y. 2002), the bankruptcy court held, "[i]f a petition is filed while the redemption right is unexpired (emphasis added), the equitable right of redemption becomes part of the bankruptcy estate." Id. at p. 155. See also, Multnomah County v. Rudolph, 166 B.R. 440, 442 (D. OR 1994); In re Argyle Lakeshore Building Corp., 78 F.2d 491, 494 (7th Cir. 1935).

Consequently, the court is of the opinion that once the tax sale was conducted on April 2, 2001, only Isom's equitable right of redemption became property of the bankruptcy estate when she filed on December 4, 2002.

V.

As to the amount of time that a debtor has to redeem property sold for taxes, §27-45-3, Miss. Code Ann. (1972), states, "[t]he owner...or any person interested in land sold for taxes, may redeem the same...at any time within two (2) years after the day of sale by paying to the Chancery Clerk...the amount of all taxes for which the land was sold..." As such, Isom had two years from April 2, 2001, to redeem her property. As of the date of the bankruptcy filing, Isom had nearly four months remaining to redeem.

11 U.S.C. §108(b) states in pertinent part:

> Except as provided in subsection (a) of this section, if applicable non-bankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under §1201 or §1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later

3

of -

    (1)    the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

    (2)    60 days after the order for relief.

Pursuant to §108(b), since the state law redemption period had not expired before the bankruptcy filing date, Isom had the balance of the two year period to redeem the tax sale as opposed to the shorter sixty day period which would apply only if the state law period expired earlier than sixty days post-petition. Therefore, the redemption period, which is not tolled by the automatic stay as discussed immediately hereinbelow, expired on April 2, 2003.

In the case of Smith v. Phoenix Bond & Indemnity, 288 B.R. 793, 796-97 (N.D. Ill. 2002), the facts of which are similar to this case, the court held that a debtor is only guaranteed a minimum of 60 days to redeem under the Bankruptcy Code, and that the automatic stay does not toll the running of the redemption period. See, In re Froehle, 286 B.R. 94, 100 (8th Cir. BAP 2002). Several other courts have dealt with this issue in a foreclosure context and have reached the same conclusion. Once a foreclosure sale has been conducted and the debtor thereafter files bankruptcy, the automatic stay does not toll the running of the state law foreclosure redemption period. See, In re Canney, 284 F.3d 362 (2nd Cir. 2002) (citing In re Tynan, 773 F.2d 177 (7th Cir. 1985); In re Glenn, 760 F.2d 1428 (6th Cir. 1985); Johnson v. First Nat'l Bank, 719 F.2d 270 (8th Cir. 1983). Consequently, the automatic stay does not prevent the running of the tax sale redemption period.

4

VI.

In keeping with §108(b) of the Bankruptcy Code, Isom, on the date of her bankruptcy filing, possessed only the statutory right to redeem the subject tax sale afforded by §27-45-3, Miss. Code Ann. Her right of redemption, which is not tolled by the automatic stay, was not timely exercised. As such, her real property is not an asset of this bankruptcy estate. Since there are no material factual issues in dispute as to this question, the court is of the opinion that On Point is entitled to partial summary judgment as a matter of law.

A separate order, consistent with this opinion, will be entered contemporaneously herewith.

This the 10th day of May, 2006.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE